KELSEY, J.,
concurring specially with opinion.
I write separately to encourage the parties and the trial court to advance this case to disposition expeditiously and with due concern for the impact that continued liti *1121 gation has on everyone involved, particularly the child. This case, like too many others involving similar issues, has languished far too long. The parties’ minor child was three years old when the dissolution action was filed, and will turn nine shortly after the opinion is released. Yet the principal issues relating to the marriage, time-sharing, finances, and property distribution remain unresolved. The very pendency of litigation and accompanying discovery, hearings, and disputes, is good for no one (except potentially for generating attorney fees).
The best interests of the child are paramount. § 61.13(3), Fla. Stat. (2016) (“[T]he best interest of the child shall be the primary consideration.”). It appears this child has never been aware of a time when her parents were not embroiled in this ongoing tug of war, and she cannot have any memory of a time when she had anything resembling a normal relationship with her mother—in spite of the fact that the independent psychologist rendered an official report over a year ago recommending that the maternal relationship be substantially expanded and strengthened. Two mental health care professionals who evaluated Wife noted that marital discord, the dissolution proceeding itself, and deprivation of timesharing with her child have contributed substantially to Wife’s stress levels, which she described as “unbelievably” stressful and “beyond words.” Especially in cases where there may be an imbalance of emotional strength as well as of finances, care should be taken to avoid prolonging disposition unnecessarily.